Judge Owsley
delivered the opinion.
This is an appeal from a decree of the circuit court dismissing a bill exhibited by the appellant in that court against the appellees
The object of the bill is to obtain from the appellees a surrender of their legal title to land held under adverse claims, and derived from grants of elder dates to that 01)° tier which the appellant claims.
The appellant asserts the superior equity under the latter of the following entries.
Jan. 9, 1183. — James Patton, Benjamin Pope, and Mark Thomas, ass’ee. of Benjamin Thomas, enters 30,000 acres on part of six treasury warrants, No ⅜⅞. — on the waters of Brashier’s creek, beginning up a branch emptying into the said creek about 4 miles from the mouth, on the tipper side, running parallel with the creek, the same distance therefrom, eight miles, then cif at right angles east-wardiy for quantity.
Jan. 23, 1184 — Thomas Hartly enters 6,000 acres o* two treasury warrants, No. Sfc. and 3,655 acres on the waters of Brashier’s creek, beginsing at Patton’s, Pope’s, and Thomas’ south west corner of a 30,000 acre entry on the east side of said creek, running northwardly with their lines three miles and a half, then at right angles vvestwardly for quantity.
In order to fix the position of this latter entry, we are necessarily led first, to ascertain the position of the former, uPon a^verl'l)? lo *be record, we are totally unable to discover any thing from which the land contained in the entry of Patton, &c. can be ascertained. That entry, it w¡|] |je perceived, calls to begin up a branch emptying into Brashier's creek about four miles from the mouth, and by the connected plat, various branches are represented as emptying iuto Brashier’s creek; but there is not a vestige evidence contained in the record conducing in the slightest degree to prove the distance from the mouth of cither branch to that of Brathier’s creek. If, therefore, the entry 0f patton were liable to no other objections, the failure to identify the branch up which it calls to begin; must be fatal to it, aud consequently the eutry of Hartly, *195 under which the appellant claimi, being dependant upon it cannot be sustained.
Littel for appellant, Hardin for appellee.
The decree must be affirmed with cost*.